**Alan D. HESHELMAN, Appellant (Plaintiff Below),**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, COLUMBUS, OHIO, Appellee (Defendant Below).**

**No. 1–780 A 185.**

Court of Appeals of Indiana,
First District.

Nov. 18, 1980.

Rehearing Denied Jan. 5, 1981.

William D. Lalley, Duvall, Tabbert, Lalley & Newton, Indianapolis, John R. Van Winkle, Free, Brand, Tosick, Van Winkle & Allen, Greenfield, for appellant.

David M. Haskett, Alan S. Brown, Locke, Reynolds, Boyd & Weisell, Indianapolis, George J. Lewis, Lineback & Lewis, Greenfield, for appellee.

ROBERTSON, Presiding Judge.

This is an appeal by Alan D. Heshelman (Insured) from an adverse decision of the trial court in his action for damages against Nationwide Fire Insurance Co. (Insurer) for failure to defend the Insured in a third party lawsuit. The duty to defend was predicated on a homeowner's policy of insurance which included coverage and a duty to defend a lawsuit alleging bodily injury. The Insured's action against the Insurer

began as a declaratory judgment action to determine the obligation of the duty to defend. The Insurer answered that there was no coverage or duty to defend based on an exclusion in the policy which excluded: "Bodily injury, illness or death or property damages caused intentionally by or at the direction of an insured."

The third party lawsuit was initiated by one Lester and Patricia Fox and the complaint, fairly read, sounded in assault and battery (and resultant loss of consortium). The lawsuit arose out of an altercation at a factory where both the Foxes and the Insured worked. The Foxes, as cafeteria workers, were picketing the gate to the factory, when the Insured, a production line worker and in a separate union, attempted to go through the picket line. Blows were exchanged.

Providing his own defense, the Insured counterclaimed against the Foxes and, during the pendency of the declaratory judgment action, the Insured prevailed on his counterclaim and the Foxes lost on their action. The declaratory judgment action was then amended to one for damages for the failure of the Insurer to defend the action. The Insurer raised the same answer as stated above.

The trial court, without benefit of a jury, found for the Insurer and we affirm.

■ It is basic that, although the duty to defend may be broader than the duty to pay, the obligation of a liability insurer to defend an action in this situation is determined by the allegations of the complaint in such action. Annot. 2 A.L.R.3d 1242 (1965). Or stated negatively, where the pleadings fail to disclose a claim within coverage elements, or where it is clearly excluded under the policy, and investigation also reveals a claim without the coverage of the policy, no defense will be required even though the suit is otherwise false, groundless or fraud-

ulent. J. Appleman, 7C Insurance Law & Practice § 4685.01 (Rev.ed.1979).

*Home Insurance Co. v. Neilsen*, (1975) 165 Ind.App. 445, 332 N.E.2d 240, provides authority for the examination of the exclusion here. The case involved the question of duty to defend an assault and battery case under a policy with an almost identical exclusion clause.[1] This court addressed the issue of the definition of "Intentionally" in the clause and held:

> the policy excludes coverage for an intentional act of the insured which was intended to cause injury. The latter intent may be established either by showing an actual intent to injure, or by showing the nature and character of the act to be such that intent to cause harm to the other party must be inferred as a matter of law.

165 Ind.App. 451, 332 N.E.2d 244.

The court further stated an act is excluded from coverage under the clause:

> where reason mandates that from the very nature of the act, harm to the injured party must have been intended. A defendant may assert that the rock was accidentally released or was not aimed at the victim, but he will not be heard to say he intended to throw the rock softly.

165 Ind.App. 450, 332 N.E.2d 244.

■ The complaint filed by the Foxes alleged in relevant part that the Insured struck Lester Fox "in an arbitrary and capricious manner and done with the knowledge and intent to cause great physical and emotional pain on the plaintiffs."[2] Investigation by the Insurer revealed that the Insured intended to hit Fox with his fist, albeit to protect himself. The trial court found this as a specific fact. Insured attacks this finding as error. However, based on our examination of the record, we, at the

1. The clause excluded: "bodily injury or property damage caused intentionally by or at the direction of the Insured.

2. The policy further excluded any injury from the use of motor vehicles. The Foxes' com-

plaint made an allegation that the Insured drove his motor vehicle into Patricia Fox. The Insured apparently did not claim a duty to defend based on this allegation.

least, do not find it clearly erroneous. Ind. Rules of Procedure, Trial Rule 52(A).[3]

The Insured also raises as error the conclusion of law, based on the finding of the intent to hit Lester Fox, that states, as a matter of law, the Insured intended to harm or injure Fox. Insured claims that *Home Insurance* has apparently been interpreted by the trial court to mean that whenever an Insured strikes a third party he or she is deemed as a matter of law to have intended to injure the third party, regardless of the facts and circumstances. We cannot find such an abandonment of the concept of intent in *Home Insurance* and find no indication that the trial court here did the same. Rather, the trial court made the conclusion of law, based on the finding of the intent to hit Fox in this circumstance, that the Insured intended harm to Fox. The Insured struck Fox with his fist in order to disable Fox from harming him. We have no difficulty affirming the trial court's conclusion along with the result that the alleged acts of the Insurer are excluded from coverage under the policy and that there was no duty to defend.

The Insured claims, however, that the privilege of self–defense brings the acts within the coverage of the policy. This issue has been squarely answered by *Home Insurance* adversely to the Insured:

> The question of self–defense is a standard of Neilsen's liability to Smolek. It presents an issue of motive or justification for an intentionally caused harm but it does nothing to avoid the inference of intent to harm that necessarily follows the deliberate blow to Smolek's face.

165 Ind.App. 450, 332 N.E.2d 244.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.

---

**3.** At least twice in the record, when asked if he intended to hit Fox, the Insured responded affirmatively.